UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | Case No.: 2:10-cr-00234-GMN-RJJ-1 |
| vs. ) | |
| ) | **ORDER** |
| AUSTIN JOSHUA PETERSON, ) | |
| ) | |
| Petitioner/Defendant. ) | |
| ) | |

Pending before the Court is Petitioner Austin Joshua Peterson's ("Petitioner's") Renewed Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Renewed Motion"), (ECF No. 57).

Also pending before the Court is the Government's Motion to Dismiss, (ECF No. 59), the Renewed Motion. Petitioner filed a Response, (ECF No. 60). For the reasons discussed below, the Government's Motion is GRANTED, and Petitioner's Motion is DISMISSED.

**I.    BACKGROUND**

On September 27, 2010, Petitioner pleaded guilty to Counts 1 and 3–11 of the Superseding Indictment: (1), (8) Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); (3)–(7) Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951; (9) Use of Firearm During, in Relation to, and in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(C) and (A)(ii); and (10)–(11) Possession of a Stolen Firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (Mins. Proceedings, ECF No. 23); (J., ECF No. 31). The Court sentenced Petitioner to 93 months' custody for Counts 1, 3–8, and 10, and 84 months' custody for Count 9, to run consecutively to one another, for a total of 177 months. (J., ECF No. 31).

On June, 20 2016, and December 7, 2016, Petitioner filed his first Motions[1] to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF Nos. 38–39), based on the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).  In *Johnson*, the U.S. Supreme Court ruled that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557.  In his Motions, Petitioner pointed to language in 18 U.S.C. § 924(c)'s residual clause that is identical to the ACCA's residual clause, claiming that any convictions or sentences arising therefrom should also be invalid. (*See generally* Mots. Vacate, ECF Nos. 38–39).

While Petitioner's § 2255 Motions were pending, the Ninth Circuit Court of Appeals found that a § 2255 motion seeking to invalidate a § 924 conviction based on *Johnson* is untimely because *Johnson* had not yet been extended to sentences imposed under § 924(c). *See United States v. Blackstone*, 903 F.3d 1020, 1028–29 (9th Cir. 2018).  However, the U.S. Supreme Court subsequently found that the residual clause in § 924(c)(3)(B) is unconstitutionally vague. *United Sates v. Davis*, 139 S. Ct. 2319, 2335–56 (2019). Nevertheless, on September 28, 2019, this Court denied Petitioner's Motions by finding that, while *Davis* rendered the residual clause in § 924(c)(3)(B) unconstitutional, Petitioner's conviction only implicated the force clause found in § 924(c)(3)(A), which made Petitioner ineligible for relief on the grounds argued in his Motions. (*See* Order 4:4–16, ECF No. 52).

On June 23, 2020, Petitioner filed his Renewed Motion, seeking to "preserve [the] filing deadline" with regards to *Davis*. (Renewed Mot. 2:17–26, ECF No. 27).  The Government now moves to dismiss Petitioner's Renewed Motion as an unauthorized successive 28 U.S.C. § 2255 motion because Petitioner filed it without certification from the Ninth Circuit Court of Appeals. (Mot. Dismiss 2:4–11, ECF No. 59).

---

[1] Petitioner filed an Abridged Motion to Vacate, (ECF No. 38) on June 20, 2016, which was supplemented by the Motion to Vacate, (ECF No. 39), filed on December 7, 2016.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a Petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). "A petitioner is generally limited to one motion under § 2255, and may not bring a second or successive motion unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (quotations omitted). "This section provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either '(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense,' or '(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.* (quoting § 2255(h)).

## III. DISCUSSION

In his Renewed Motion, Petitioner "renews and incorporates all the claims raised in his original petition . . . to ensure that they are filed within one year of *Davis*." (Renewed Mot. 2:18–20). However, Petitioner filed his first 2255 Motions in 2016, (ECF Nos. 38–39), which the Court denied in 2019. (*See* Order, ECF No. 52). Therefore, the instant Motion, filed in 2020, is a successive motion.[2]

The Ninth Circuit has held that "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district

---

[2] Petitioner claims that a motion, such as Petitioner's Renewed Motion, is not a successive petition "when [it] merely asserts that a previous ruling which precluded a merits determination was in error," for example, an erroneous dismissal of a first petition as premature. *Balbuena v. Sullivan*, 970 F.3d 1176, 1190 (9th Cir. 2020) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005)); (Resp. 3:3–4:2, ECF No. 60). However, this Court neither found Petitioner's first 2255 petition to be premature, nor denied the petition for any other procedural defect; the Court ruled on the merits of the case, a fact which Petitioner even acknowledges. (*See* Order, ECF No. 52); (Resp. 2:5–6 ("Following the *Davis* decision, this Court found [Petitioner]'s motion timely, but denied relief on the merits . . . .")). Therefore, Petitioner's Renewed Motion is a successive petition.

court to do so." *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)). To date, Petitioner has not obtained any such certificate from the Ninth Circuit Court of Appeals authorizing Petitioner to file a successive § 2255 motion. Accordingly, this Court is without jurisdiction to entertain Petitioner's successive § 2255 Motion. Petitioner's Renewed Motion is therefore **DISMISSED**. Further, the Government's Motion to Dismiss is **GRANTED**.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Renewed Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (ECF No. 57), is **DISMISSED** as an unauthorized successive § 2255 motion.

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss, (ECF No. 59), is **GRANTED**.

**DATED** this __15__ day of December, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court